IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Wondell Timmons, Jr., | ) | Case No. 4:24-cv-00297-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Lasheena Crawford, Bradley Keith Hunt, Lt. Mike Hartson, PVT Tyshawn T. Davis, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on a pro se Complaint and motion for court fees filed by Plaintiff Wondell Timmons, Jr.  [Docs. 1; 37.]  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings.

On March 29, 2024, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the action be dismissed.  [Doc. 26.]  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  [*Id.* at 5.]  On April 4, 2024, Plaintiff filed objections to the Report.  [Doc. 30.]  On July 12, 2024, Plaintiff filed a motion for court fees.[*]  [Doc. 37.]

---

[*] Plaintiff has subsequently filed two documents both entitled "Order of Petition and Proposal."  [See Docs. 42; 43.]  The first document appears to provide additional allegations to the Complaint [Doc. 42] and the second appears to state that Plaintiff intends to dismiss this case, among others, under Rule 12(b)(4) [Doc. 43].  The Court need not address either of these documents in light of its conclusions below.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

The Magistrate Judge recommends dismissing this action because the Court lacks subject matter jurisdiction. [Doc. 26.] Specifically, the Magistrate Judge concluded that Plaintiff has not alleged complete diversity under 28 U.S.C. § 1332 because Plaintiff alleges that he and Defendants are citizens of South Carolina. [*Id.* at 4 (citing Doc. 1 at 10–11).] In his brief objections, Plaintiff generally opposes dismissal and argues that the Court should proceed with his case. [Doc. 30.]

The Court concludes that Plaintiff's objections, liberally construed, fail to address the Report's findings and recommendations. The Report concludes that the Court lacks subject matter jurisdiction over this action, and Plaintiff does not address this finding in his objections. [*See generally* Doc. 30.] Nevertheless, out of an abundance of caution

2

for a pro se party, the Court has conducted a de novo review of the Report, the record, and the applicable law.  Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference.  Accordingly, the action is DISMISSED with prejudice and without issuance and service of process, and Plaintiff's motion for court fees [Doc. 37] is DENIED.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

December 17, 2024
Florence, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.